Frank R. Magnelli, Petitioner *v.* Commonwealth of Pennsylvania, Bureau of Enforcement, Pennsylvania Liquor Control Board, Respondent.

Argued September 14, 1978, before Judges CRUM-LISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Frank R. Magnelli,* petitioner, for himself.

*Kenneth W. Makowski,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, February 12, 1979:

In 1976, the Pennsylvania Liquor Control Board (appointing authority) had several openings for the position of Enforcement Officer IV. Frank Magnelli, then an Enforcement Officer III with an excellent rec-

ord, sat for a Civil Service examination for promotion to that position. He scored third highest among those who took the examination.

The appointing authority decided upon the promotion of five persons in September of 1976—Magnelli not among them—and confirmed those five promotions in October, 1976.

Magnelli appealed to the State Civil Service Commission (Commission), alleging that he was passed over because of political reasons, a prohibited form of discrimination under Section 905.1 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* added by Section 25 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.905(a).[1]

This is a petition for review of the Commission's adjudication and order of May 16, 1977 which dismissed Magnelli's appeal from his nonpromotion.

The promotional procedure employed fell under the promotional examination provisions of Sections 601 and 602 of the Civil Service Act, 71 P.S. §§741.601-602 and the Commission's implementing regulations in Chapter 97 of 4 Pa. Code.

Section 601 authorizes the Civil Service Director to certify to the appointing authority a list of eligibles ranked in order of their scores on a promotional examination. 71 P.S. §741.601.

Section 602 of the Act, 71 P.S. §741.602, requires that the appointing authority fill vacancies from an

---

[1] That Section provides:

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

"appropriate," certified promotion list according to the so-called "Rule of Three."[2]

Section 97.2(b) of the implementing regulations, 4 Pa. Code §97.2, allows the Commission to delegate to the appointing authority the making of availability inquiries (an "availability canvass") when the Director considers it impracticable to himself inquire as to availability before certifying the names of persons eligible. The regulation further provides that, when the appointing authority conducts its own availability canvass:

> The certification of names so made shall, after appropriate elimination for lack of availability, be used by the appointing authority . . . as if such certification had been made by the Director after his own availability canvass, subject to appropriate audit by the Director.

The Commission seems to consider that a short interview of Magnelli by the Board of the appointing authority, conducted on July 12, 1976, was the delegated availability canvass authorized by §97.2(b).

The appointing authority challenges neither Magnelli's job qualifications nor the fact that he may have been more qualified than some of the others promoted. According to the appointing authority, during the interview on July 12, Magnelli allegedly indicated that he would take a position only in the Harrisburg area,

---

[2] When promoting on the basis of examinations, the appointing authority is not compelled to select eligibles strictly in sequential order of their competitive ranking on the examination.

Rather, under the statutorily prescribed Rule of Three procedure, eligibles are considered for promotion in groups of three beginning with the top three available persons ranked in order of examination scores. After the first vacancy is filled, the two eligibles not selected are added to the fourth person on the list to form a second group of three from which the next promotion is made, and so on, until all the vacancies are filled.

and therefore declared himself unavailable for promotion, because the parties have stipulated that *a necessary prerequisite for the job was a willingness to accept assignment anywhere in the Commonwealth.*

The statute itself indicates that where a promotional candidate is unavailable, the promotional list may be treated as if his name were not upon it. Section 601 of the Act, 71 P.S. §741.601, in part provides:

> If upon inquiry by the director any person on any promotion . . . list is found to be not available . . . , his name shall not for the time being be considered among the names from which a promotion . . . is to be made.

To support its position, the appointing authority produced an "Availability Questionnaire" from the Commission's files. In a coded section of that form, filled out at the time of the examination, Magnelli indicated that he would accept employment only in Harrisburg. However, the appointing authority admittedly was not aware of that questionnaire until after it had already disqualified Magnelli.

Magnelli claims that, in both the interview and on the form, he thought he was merely indicating a *preference* for work location, that he never intended to convey the impression that he would refuse a promotion to any other area of the state, and that he did not realize that he would be disqualified from further consideration by the appointing authority.

It is clear that the appointing authority here followed a loose procedure which was not praiseworthy. After the January 1976 promotional examination, the Commission Director certified the promotional list of eligibles, including Magnelli as No. 3, to the appointing authority on March 1, 1976. That certification expired May 1, 1976 (although the eligible list remained valid). The appointing authority conducted its interview July

12, 1976, and the promotional choices were made known in September, 1976. The promotions were formalized only in October, after a new certification of October 6, 1976, which *still* contained Magnelli's name as No. 3, despite the above-described questionnaire and interview. The appointing authority confesses that it did not follow the Rule of Three formally.

However, the appeal to the Commission necessarily was confined to the issue of discrimination because that is the only appeal issue available in connection with a promotion, according to Section 951(b) of the Act, 71 P.S. §741.951(b). *Lynch v. Department of Public Welfare,* 30 Pa. Commonwealth Ct. 235, 373 A.2d 469 (1977).

Moreover, it is clear that Magnelli had the burden to prove that his nonpromotion was the result of discrimination. *Department of Public Welfare v. Mawn,* 28 Pa. Commonwealth Ct. 377, 368 A.2d 1316 (1977).

The Commission correctly determined that disposition of the appeal depended primarily upon resolution of the conflicting testimony as to what Magnelli and others said at various times concerning his availability to serve anywhere in the state. The Commission resolved the resulting credibility issue in favor of the appointing authority. "In a case where testimony is conflicting it is for the fact-finder, not the reviewing court, to determine which witnesses are to be believed." *Mawn, supra,* 28 Pa. Commonwealth Ct. at 381-82, 368 A.2d at 1319.

The Availability Questionnaire, although not relied upon by anyone until after Magnelli was eliminated, has a corroborative consistency with the appointing authority's version of the canvass interview and the Commission's resolution of the credibility issue.

Therefore, although we do not condone the very loose procedure followed by the appointing authority

438

here, we are required to accept the findings of the Commission as to availability, where the credibility of conflicting testimony was at stake.

With Magnelli out of the certified list on the basis of unavailability statewide, it is true that the effect would be the same as if the Rule of Three had been followed in formal fashion.

In conclusion, because the pivotal discrimination issue was properly resolved against Magnelli on the basis of a credibility determination within the Commission's discretion, we affirm.[3]

ORDER

AND Now, this 12th day of February, 1979, the order of the State Civil Service Commission dated May 16, 1977, is affirmed.

---

[3] Additionally, we find nothing in the hearing transcript to warrant a discussion of petitioner's contention that he was deprived of a fair hearing by a "climate of hostility" and loud remarks by the presiding Commissioner.