Peggy Laws, Petitioner *v.* Commonwealth of Pennsylvania, Philadelphia County Board of Assistance, Department of Public Welfare, Respondent.

Argued February 8, 1980, before Judges ROGERS, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Harold I. Goodman,* with him *Alan L. Phillips,* for appellant.

*Jerry I. Drew,* Deputy Attorney General, with him *John O. J. Shellenberger,* Deputy Attorney General and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, April 8, 1980:

Peggy Laws (Petitioner) appeals from an order of the State Civil Service Commission (Commission), which sustained the action of the Philadelpha County

Board of Assistance in the suspension and removal of Petitioner from her position as Income Mantenance Worker II.

Petitioner was employed by the Department of Public Welfare (DPW) through the Philadelphia County Board of Assistance (Board of Assistance) as an Income Maintenance Worker II from September, 1977, when she was transferred from the Neighborhood Service Center to the Delancey District Office, until July 17, 1978, when notified of her discharge. As an Income Maintenance Worker II, Petitioner was required to do "field work," such as visiting homes to verify eligibility of applicants for assistance. Petitioner has suffered from degenerative arthritis for several years and this debilitating condition made difficult her walking, which was necessary in the performance of the field work involved in her job. Petitioner also suffered during employment at the Delancey District from chest pains and other angina-like symptoms.

On the basis of one or both of these physical conditions, Petitioner several times beginning in September, 1977, requested a transfer or reassignment to the "applications" department, which required no field work. All such requests were rejected by the Board of Assistance. In April, 1978, following her most severe angina attack, Petitioner requested a leave without pay, which was granted. Prior to and upon returning to work on June 12, 1978, Petitioner again requested a transfer, even if it meant a voluntary demotion. On returning to work, Petitioner was instructed by her supervisor to read her cases and "prepare to go into the field." She replied to her supervisor that she was unable to perform the field work because of her arthritis, and she was sent home.

Petitioner subsequently received from the district administrator a suspension notice, on June 15, 1978,

followed by a request by the personnel director for medical information certifying to the physical limitations of her arthritic condition. Upon production of the medical certification, the personnel department presented Petitioner with two options: (1) to take a voluntary demotion to a Clerk II position, which meant nearly a $5,000.00 pay reduction, or (2) to apply for a disability retirement. Petitioner rejected both alternatives. By letter dated July 17, 1978, Petitioner was discharged from her position as Income Maintenance Worker II.

Petitioner appealed her suspension and removal to the Commission, which dismissed the appeal after arriving at three conclusions of law adverse to her interests: (1) that Petitioner was properly suspended under Section 803 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.803, (2) that Petitioner was properly removed under Section 807 of the Civil Service Act, 71 P.S. §741.807, and (3) that DPW did not discriminate against Petitioner in violation of Section 905.1 of the Civil Service Act, added by the Act of August 27, 1963, P.L. 752, 71 P.S. §741.905a.

Petitioner argues to this Court that the Board of Assistance discriminated against her on the basis of her physical condition, and that her suspension and removal were thus in violation of the antidiscrimination provision of Section 905.1 of the Civil Service Act.[1] Petitioner contends that her arthritis did not

---

[1] Section 905.1 of the Civil Service Act, 71 P.S. §741.905a:

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

substantially preclude her from satisfactorily performing her job, of which field work comprised a minor part. She argues further that DPW failed in its obligation, under 16 Pa. Code §44.14(a),[2] to make a reasonable accomodation for Petitioner's handicap, either by modifying her job as Income Maintenance Worker II or by offering her a suitable job alternative.

In the alternative, Petitioner asserts that DPW violated Sections 803 and 807 of the Civil Service Act, for suspending and removing her without "just cause."

The burden of proving a discriminatory basis for a suspension and removal from employment rests on the Petitioner. 4 Pa. Code §105.16(a). "One asserting that an unfavorable personnel action was the result of discrimination has the burden of proof; and we may not disturb findings adverse to the claimant unless the fact-finder has capriciously disregarded competent evidence of such discrimination." *Department of Public Welfare v. Mawn,* 28 Pa. Commonwealth Ct. 377, 381, 368 A.2d 1316, 1318 (1977). Therefore, because the Petitioner failed to sustain her burden of proof on charges of discrimination before the Commission, our review is limited to a determination of whether the Commission capriciously disregarded competent evidence in its resolution of that issue. *Department of Public Welfare v. Mawn, supra.*

Handicapped by her arthritis, Petitioner is protected under Section 955(a) of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744,

---

[2] 16 Pa. Code §44.14(a):

An employer shall make reasonable accommodations by modifying a job, including but not limited to modification of duties, scheduling, amount or nature of training, assistance provided, and the like, provided that such modification shall not impose an undue hardship.

*as amended,* 43 P.S. §955(a),[3] and under Section 905.1 of the Civil Service Act, 71 P.S. §741.905a, from an employer's hiring and firing which is discriminatorily based on a non-job-related handicap or disability. "Non-job-related handicap or disability" includes "[a]ny handicap or disability which does not substantially interfere with the ability to perform the essential functions of the employment which a handicapped person applies for, is engaged in, or has been engaged in." 16 Pa. Code §44.4. Neither Act bars unequal treatment on the basis of a *job-related* handicap, however, or one which does interfere with the ability to perform essential functions of the job. In Section 955 of the Pennsylvania Human Relations Act as amended, 43 P.S. §955, it is specified that the section's anti-discrimination provisions "shall not be construed to prohibit the refusal to hire or the dismissal of a person who is not able to function properly in the job applied for or engaged in."

Here, the Commission found that "field work" was a requirement for Petitioner's position as Income Maintenance Worker II and that Petitioner refused to go into the field. The Commission found that the Board of Assistance made every reasonable effort to continue Petitioner, offering her a disability retire-

---

[3] Section 955(a) of the Pennsylvania Human Relations Act, 43 P.S. §955(a):

It shall be an unlawful discriminatory practice, unless based upon a bona fide occupational qualification ...:

(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability of any individual to refuse to hire or employ, or to bar or to discharge from employment such individual, or to otherwise discriminate against such individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment, if the individual is the best able and most competent to perform the services required....

ment or a lower position as Clerk II which did not require field work. The Board of Assistance could not transfer Petitioner to intake duties, for she had not qualified, nor could it transfer her to the position of Income Maintenance Worker I, because it also required field work. There was no evidence in the record that Petitioner was qualified for any other positions which were available. After examining the record, we find no capricious disregard of competent evidence of discrimination by the Commission in makng these fndings, and in reaching the conclusion that DPW was not in violation of Section 905.1 of the Civil Service Act, by suspending and removing Petitioner for her unwillingness and/or inability to perform an essential function of her job.

The burden of proving a proper suspension and removal is placed on the employer, DPW. The "rules of the Commission, 4 Pa. Code §105.15(a), impose upon the appointing authority (here the DPW) the duty to go forward in the establishment of the charges upon which its personnel action is based and in so doing to establish a prima facie case in justification of that action." *McClelland v. State Civil Service Commission,* 14 Pa. Commonwealth Ct. 339, 342, 322 A.2d 133, 135 (1974). Since the party with the burden of proof prevailed below, our review of the Commission's decision on the issue of just cause is "limited to a determination of whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence." *Gibson v. Department of Public Welfare,* 35 Pa. Commonwealth Ct. 27, 30-31, 384 A.2d 1030, 1032 (1978).

The Civil Service Act establishes that an appointing authority may suspend for "good cause" an employee holding a position in the classified service, Section 803 of the Civil Service Act, and that an appointing authority may only remove a regular employee in

the classified service for "just cause," Section 807 of the Civil Service Act. This Court has interpreted that the legislature intended the suspension and removal of employees to turn upon a merit concept. "This means that any 'personnel action' carried out by the Commonwealth is to be scrutinized in the light of such merit criteria, as has the party failed to properly execute his duties, or has he done an act which hampers or frustrates the execution of same. The criteria must be job-related and in some rational and logical manner touch upon competency and ability." *Corder v. Civil Service Commission,* 2 Pa. Commonwealth Ct. 462, 467, 279 A.2d 368, 371 (1971).

We hold that the Commission based its findings on substantial evidence and made no errors of law in concluding that Petitioner was properly removed under Sections 803 and 807 of the Civil Service Act. DPW had just cause to remove Petitioner when she refused to perform field work; for an appointing authority can remove for failure to properly execute one's duties— a merit-based criteria. Her inability to walk and to do field work certainly touched upon her competency and ability to function as an Income Maintenance Worker II.

As stated earlier, the Commission found that the Board of Assistance made every effort to reasonably accomodate Petitioner's request for transfer because of her condition. These findings were supported by substantial evidence. There being non-discriminatory good and just cause for suspension and removal of Petitioner, based on the evidence, we affirm the Commission's order.

## ORDER

AND Now, this 8th day of April, 1980, the order of the State Civil Service Commission sustaining the suspension and removal of Peggy Laws from her po-

sition as Income Maintenance Worker II with the Philadelphia County Board of Assistance is hereby affirmed.

President Judge BOWMAN did not participate in the decision in this case.