James J. Meiler, Petitioner *v.* Commonwealth of Pennsylvania, Department of Banking, Respondent.

Argued March 2, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Jeffrey A. Less, of counsel, Dilworth, Paxson, Kalish,* for petitioner.

*Paul A. Adams,* with him *John E. Nanorta,* Assistant Attorney General, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 8, 1981:

When two fellow employees in the state Department of Banking (Department) were promoted and he was not, the petitioner[1] appealed to the Pennsylvania Civil Service Commission (Commission) which upheld the departmental action. This petition for review followed.

The petitioner has been employed by the Department as a Bank Examiner II since 1972, prior to which

---

[1] James J. Meiler.

time he worked for five years with a private bank, handling matters related to international finance. As of October of 1978, his superior had recorded no complaints as to the petitioner's performance, but in February of 1979, two fellow employees with less seniority than he and whose performance ratings were approximately equivalent to his, were promoted from Bank Examiner II to Bank Examiner III, while he was not. He contends that the Department's failure to promote him was based on non-merit factors and was, therefore, contrary to the provisions of Section 905.1 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.905a. He asserts that the Commission's affirmation of the non-promotion must be reversed because it indicates a capricious disregard of competent evidence.[2]

It is argued that the petitioner was more qualified than the two examiners who were promoted in that (1) he had greater seniority; (2) he had completed a Review Trainee Program which was a prerequisite for promotion to Bank Examiner III and which had not been undertaken by one of the examiners who was promoted; (3) he had been in charge of the investigations of a number of banks, which experience was a requirement for promotion to Bank Examiner III, and the same individual who had not taken the review program had been in charge of no such investigations; and (4) he was already performing the work of Bank Ex-

---

[2] The parties asserted that the Commission's findings are conclusive on us if supported by substantial evidence. However, the proper scope of our review where, as here, the party who has the burden of proving that this non-promotion was the result of discrimination, *Magnelli v. Pennsylvania Liquor Control Board,* 40 Pa. Commonwealth Ct. 432, 397 A.2d 486 (1979), has not prevailed below, is limited to a determination as to whether or not the Commission capriciously disregarded competent evidence. *Laws v. Philadelphia County Board of Assistance,* 50 Pa. Commonwealth Ct. 340, 412 A.2d 1377 (1980).

aminer III in his examination of the international departments of large banks. In the light of his qualifications, he argues that the Department's failure to promote him could only have resulted from consideration of non-merit criteria.[3]

We cannot agree that the Commission's findings and determination are based on a capricious disregard of competent evidence. It found that completion of the Review Trainee Program and experience heading bank investigations were only guidelines, not prerequisites, for promotion and that the fellow employee who lacked this background had been promoted on the basis of his 33 years of experience in the examination of trust departments which was a recognized specialty within the Department. It further found that the number of examinations of large banks of which the petitioner had been in charge was insufficient to determine his suitability for promotion and that he had headed no investigations from March of 1977 through April of 1979. Moreover, it also found that the petitioner's extensive use of his leave time reflected adversely on his performance compared to the performance of the two persons who received promotions. Finally, it found that the petitioner had not sustained his burden of proving that the Department had discriminated against him because of his successful challenge of his prior discharge. In light of the conflicting evidence presented as to the motives underlying the Department's failure to promote the petitioner and inasmuch as the Commission, as the final arbiter of issues of credibility, *Magnelli v. Pennsylvania Liquor Control Board, supra* note 1, found the Department's

---

[3] The petitioner argues that his superior considered him to be a "troublemaker" because he had successfully appealed a 1976 discharge resulting from a dispute he had had with the Department. He was reinstated with full back pay and it was ordered that the entire incident be expunged from his record.

evidence to be more credible than his, we cannot say that the Commission has capriciously disregarded competent evidence in this case.[4]

We will, therefore, affirm the order of the Commission.

## Order

And Now, this 8th day of April, 1981, the order of the Pennsylvania Civil Service Commission in the above-captioned matter is affirmed.

Judge Wilkinson, Jr. concurs in the result only.

This decision was reached prior to the expiration of the term of office of Judge Wilkinson, Jr.

---

[4] We would also note that we share the Commission's concern as to why the Department had not assigned the petitioner to head more investigations of larger banks and why the Department did not inform him that his use of leave time could affect his chances for promotion, despite the petitioner's specific inquiries about any possible problem relating thereto. We, therefore, agree with the Commission's direction that the Department provide an explanatory statement to the petitioner and to the Commission in the event that he is passed over for future promotions.