Michael L. D'Amato, Petitioner *v.* Commonwealth of Pennsylvania, Department of General Services, Respondent.

Argued March 2, 1981, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Stephen G. Pollock,* with him *Stephen P. Gallagher,* for appellant.

*Gary F. Ankabrandt,* Assistant Attorney General, with him *George Welsh,* Assistant Attorney General, *Anthony P. Krzywicki,* General Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, April 13, 1981:

This is an appeal from a Final Adjudication and Order of the State Civil Service Commission (Commission) which sustained the action of the Department of General Services (appointing authority) in the furlough of appellant from his position as Building Construction Inspector, regular status, effective at the close of business on June 28, 1979.

Appellant maintains that he was incorrectly included among those employees to be furloughed because the appointing authority erred in calculating his seniority date. The Commission found no miscalculation and concluded that the appointing authority utilized the proper procedures in selecting appellant for furlough under Section 802[1] of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amend-*

---

[1] Section 802 of the Act provides in pertinent part as follows:

In case a reduction in force is necessary in the classified service, no employe shall be furloughed while any probationary or provisional employe is employed in the same class in the same department or agency, and no probationary employe shall be furloughed while a provisional employe is employed in the same class in the same department or agency. An employe shall be furloughed only if at the time he is furloughed, he is within the lowest quarter among all employes of the employer in the same class on the basis of their last regular service ratings, and within this quarter he *shall be furloughed in the order of seniority unless there is in existence a labor agreement covering the employes to be furloughed, in which case the terms of such labor agreement relative to a furlough procedure shall be controlling. . . .* (Emphasis added.)

*ed,* 71 P.S. §741.802, and the collective bargaining agreement in existence at that time.[2]

Appellant began his employment with the General State Authority on September 9, 1963, as a Building Construction Inspector III. It is undisputed that on October 1, 1969, appellant was promoted to a management position with the title of Construction Inspector III Special. The collective bargaining agreement is quite explicit that seniority for the purpose of furlough is determined by the length of an employee's service in a ''rank and file'' classification as opposed to time spent in a management classification which is not included in the seniority computation.[3] The appointing authority contends that appellant held the above management classification until October 20, 1975,[4] when he was reclassified to Construction Inspector III, regular status, a nonmanagement position. Accordingly, the appointing authority deducted from appellant's initial appointment date of September 9, 1963, 6 years and 19 days, which represents

---

[2] Article XXX, Section 7 of the Master Collective Bargaining agreement between the Commonwealth of Pennsylvania and the American Federation of State, County, and Municipal Employees (A.F.S.C.M.E.) states in part:

When the Employer determines that a furlough is necessary within a seniority unit, employes will be furloughed in the inverse order of Bargaining Unit Seniority.

[3] Article XXX, Section 1B of the Master Collective Bargaining Agreement states in part:

Bargaining unit seniority standing *for the purpose of furlough* shall be determined by the length of unbroken . . . service with the Employer in *rank and file classifications.* . . . (Emphasis added.)

[4] On October 20, 1975, the General State Authority and the Department of Property and Supplies were merged to form the Department of General Services. As of the above date, appellant was reclassified from Construction Inspector III Special (a management classification) to Construction Inspector III, regular status (a rank and file classification).

the time spent by appellant in a management classification.

Appellant argues, however, that he remained in the management classification only 21 months before being demoted to a rank and file position on June 21, 1971. Specifically, appellant maintains that despite his demotion, official records were never changed to reflect his return to the lower class until October 20, 1975, and that as a result he was improperly furloughed.[5]

When employees are furloughed from the classified service, the appointing authority has the burden of going forward with proof to establish a prima facie case justifying the furloughs. Section 105.15(a) of the Rules of the Civil Service Commission, 4 Pa. Code §105.15(a). Moreover, where, as here, "the party with the burden of proof prevailed below, our review of the Commission's decision . . . is 'limited to a determination of whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence.' " *Laws v. Philadelphia County Board of Assistance,* 50 Pa. Commonwealth Ct. 340, 346, 412 A.2d 1377, 1380 (1980) (quoting *Gibson v. Department of Public Welfare,* 35 Pa. Commonwealth Ct. 27, 30-31, 384 A.2d 1030, 1032 (1978)).

After reviewing the findings made by the Commission and the conflicting evidence contained in the record below, we hold that the Commission did not err in sustaining the appointing authority's furlough of appellant.

---

[5] Appellant also argues that he was denied due process of law by the Commission's failure to consider evidence presented by him as to his seniority date. We reject this argument because the Commission did not fail to consider the evidence presented. Rather, after due consideration, the Commission resolved the conflicting evidence in favor of the appointing authority.

The Commission found the evidence presented by the appointing authority to be the "credible evidence in this appeal." It is well settled that the Commission as fact-finder below is the ultimate arbiter of questions of credibility and the weight to be given conflicting evidence. *Magnelli v. Pennsylvania Liquor Control Board,* 40 Pa. Commonwealth Ct. 432, 397 A.2d 486 (1979). Furthermore, this Court is not empowered to "weigh the evidence or substitute its judgment on factual matters for that of the fact finder." *Department of Public Welfare v. Mawn,* 28 Pa. Commonwealth Ct. 377, 382, 368 A.2d 1316, 1319 (1977). (Citation omitted.)

In addition to the conflicting testimony as to whether or not the appointing authority inadvertently failed to reclassify the appellant, two letters were introduced into evidence which corroborate the Commission's resolution of the credibility issue. The first letter, dated October 23, 1974, is a request from appellant to the appointing authority to be reclassified as a rank and file employee so that he could "join the union." The second letter, dated November 14, 1974, is a denial from the appointing authority of appellant's request for reclassification. It is obvious from these letters that the appointing authority duly considered appellant's request in 1974 and felt that a management classification was proper for the period of 6 years and 19 days at issue.

In conclusion, since the Commission in the exercise of its sound discretion decided to accept the evidence of the appointing authority as the credible evidence in this appeal, we hold that the Commission's findings were based on substantial evidence and that no errors of law were committed.

Accordingly, we enter the following

494

### Order

And Now, April 13, 1981, the order of the State Civil Service Commission, dated May 27, 1980, sustaining the action of the Department of General Services in the furlough of Michael L. D'Amato is affirmed.

Judge Wilkinson, Jr. did not participate in the decision in this case.