Cheryl S. Litner, Petitioner *v.* Commonwealth of Pennsylvania, Office of Budget and Administration, Respondent.

Submitted on briefs November 16, 1983, before Judges Rogers, Barry and Barbieri, sitting as a panel of three.

*William F. Donovan,* for petitioner.

*Frank A. Fisher, Jr.,* Assistant Counsel, with him *John D. Raup,* Chief Counsel, for respondent.

Opinion by Judge Rogers, December 19, 1983:

Cheryl Litner, a former state employee, has filed a petition for review of an order of the Pennsylvania Civil Service Commission sustaining the action of the State's Office of Budget and Administration (her appointing authority) removing her from her position in the classisfied service of Personnel Analyst III, regular status.

The petitioner worked in the appointing authority's Group Insurance Unit. Her duties were to participate in preparing and updating administrative manuals and benefit booklets, in communicating information to other agencies receiving group benefit programs and in providing recommendations useful in developing provisions of collective bargaining agreements relating to group benefit programs. This was a responsible position in which the petitioner was expected to perform with a high degree of independence.

The petitioner was dismissed from her position for deficient job performance by letter dated July 31, 1981. The letter set forth thirteen incidents of alleged deficient performance by the petitioner beginning May 8, 1981. These included the late submission of an important article, with the result that it could not be included in a monthly publication; the omission of major points of information in an administrative circular regarding benefits improvements; the submission for final publication, without Blue Cross' review, of an addendum to a manual which contained significant errors; the submission of revisions to a Contracting Procedural Manual a week late; and the changing of her own work hours without notifying her supervisor. The dismissal letter also made reference to previous reprimands, unfavorable evaluation reports and a three-day suspension, all of which resulted from the appointing authority's dissatisfaction with the petitioner's work over a period of more than a year.

Ms. Litner appealed her removal to the State Civil Service Commission, alleging discrimination based on non-merit factors, namely, her health,[1] in violation of

---

[1] The claimant also argued before the Commission that she was discriminated against by her supervisor in the Group Insurance Unit because she had competed against him, ultimately unsuccessfully, for his supervisory position. She has not developed this subject on appeal.

Section 905.1 of the Civil Service Act, *as amended,* 71 P.S. §741.905a.[2] At the Commission's hearing, the petitioner testified that in the spring of 1980, as the result of the propogation of allergens through the air-conditioning system of the building in which she worked, she developed a debilitating respiratory condition. She also testified that in an attempt to have the air-conditioning system corrected or her work site relocated, she and her physician communicated with the appointing authority, certain state legislators and the Department of Health. As a consequence, she was relocated in a different building from July, 1980 until March, 1981, and again from the end of May, 1981 until her removal. Ms. Litner's principal contention is that most of her inadequacies were due to the problems and inconveniences arising from her relocation to another building, and that her efforts to be relocated or to have the system modified caused additional difficulties between herself and the appointing authority.

The Commission, by a vote of 2 to 1, dismissed the appeal, finding that Ms. Litner had failed to sustain her burden of proving discrimination based on her health and concluding that, as her health problems were not the cause of her unsatisfactory work, there was just cause for her removal as is required under Section 807 of the Civil Service Act, *as amended,* 71 P.S. §741.807.

One asserting that an unfavorable personnel action was the result of discrimination has the burden of

---

[2] Section 905.1 of the Civil Service Act, 71 P.S. §741.905a provides:

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

proof, and where he or she fails to sustain this burden before the Commission, the court's review is limited to determining whether the Commission acted arbitrarily or capriciously in its resolution of the issue. *Laws v. Philadelphia County Board of Assistance, Department of Welfare,* 50 Pa. Commonwealth Ct. 340, 412 A.2d 1377 (1980); *Department of Public Welfare v. Mawn,* 28 Pa. Commonwealth Ct. 377, 368 A.2d 1316 (1977).

Ms. Litner says that the Commission failed to consider her unrefuted evidence of a respiratory condition as it related to her job performance and that such failure constituted an arbitrary and capricious disregard of competent and relevant evidence. She asks us to remand the case to the Commission for its consideration of whether the petitioner's declining job performance should have been excused, wholly or in part, by the effects of a work-related respiratory problem.

There is no support in the record for the petitioner's contention that the Commission ignored evidence of her medical problems. On the contrary, the Commission's findings, its discussion, and the dissenting opinion of Commissioner Barnett all reveal that this evidence was indeed considered.

The petitioner also says that the record supports only a conclusion that she was discriminated against because of her health problems. In this connection, the appointing authority adduced evidence of inadequacy of the petitioner's work performance at times well in advance of the time her work place was changed. The petitioner was the subject of an oral reprimand for deficient performance on May 14, 1980; she was admonished for her repeated use of the Commonwealth's WATS line for personal business reasons, despite an office policy against such use; she required and was given a greater degree of supervision than was customary for one in her position; she received a written reprimand dated February 24, 1981, setting forth

eight separate assignments that were not completed on time; she was given two interim performance evaluation reports reflecting the appointing authority's growing displeasure with her work; she was suspended for three days by way of a letter dated May 4, 1981, setting forth ten specific deficiencies in performance and stating "I urge you to make every effort to improve your performance to a level deemed satisfactory by your supervisor. Any occurrence of unsatisfactory performance after your return from suspension will result in your immediate removal from your position. . . ." Ms. Litner did not appeal the suspension and there is no evidence that she raised the matters of her health and her relocation as defenses to, or in explanation of, her poor work at any time before her appeal to the Commission. We are convinced by the record that the Commission in finding against the petitioner's charge of discrimination did not abuse its sound discretion or capriciously disregard the evidence favorable to the claimant.

Ms. Litner finally asserts that the Commission erroneously considered evidence that her poor job performance was called to her attention in January of 1980, four months before her physical condition manifested itself and well before she was first relocated to another building. She says that the testimony of her reviewing officer, to the effect that in January of 1980 he explained to her that she had not been promoted to a Personnel Analyst IV position because of her problems with planning and meeting deadlines was inadmissible hearsay to which she objected and which the Commission excluded. This is not the case. Our review of the record shows that the testimony relied on by the Commission is not hearsay, was not objected to and fully supports the finding that Ms. Litner had been warned of her poor performance prior to the onset of her physical problems. Other testimony of her

reviewing officer concerning conversations he had with another person was objected to and rejected; but this preceded the clearly admissible testimony of the same witness that "Ms. Litner and I sat down and discussed the reasons why she was not [promoted], and the key reasons were planning and meeting deadlines. And that was in January I believe."

Order affirmed.

### ORDER

AND Now, this 19th day of December, 1983, the order of the Pennsylvania Civil Service Commission in the above-captioned matter is affirmed.