Antonina L. Brengle, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Lancaster County Board of Assistance, Respondent.

Submitted on briefs February 2, 1984, before Judges MACPHAIL, PALLADINO and BLATT, sitting as a panel of three.

*Harvey S. Miller,* for petitioner.

*James S. Marshall*, Assistant Counsel, for respondent.

OPINION BY JUDGE PALLADINO, April 17, 1984:

Antonina L. Brengle (Petitioner) appeals from an order of the State Civil Service Commission (Commission), sustaining the action of the Lancaster County Board of Assistance (CBA) in the removal of Petitioner from her position as Language Interpreter, regular status. We affirm.

Petitioner was employed as a Language Interpreter at the CBA from August of 1980 until August 9, 1982. As a Language Interpreter, Petitioner was required to act as a receptionist at the front desk of the CBA. A bilingual receptionist is a necessity because over 25% of the clients at the CBA speak Spanish.

In January of 1982, Petitioner was hospitalized for two weeks, suffering from stress-related anxiety and hypertension. During her hospitalization, Petitioner and her physician met with the CBA to discuss her return to work. The CBA and Petitioner agreed to adjust her work assignment to accommodate her condition, by reducing her receptionist duties to half-time and providing other file duties.

In late May of 1982 Petitioner requested an assignment to full-time file duties because the receptionist work was too stressful. This request was denied by the CBA. In June of 1982, Petitioner refused to report to work at the reception desk, and the CBA offered her three choices: 1) to return to her assignment at the reception desk; 2) to take a medical leave of absence; or 3) to be issued a one day suspension. Petitioner took the one day suspension, and upon returning, again refused to work at the reception desk. Petitioner then received a three day

suspension, and after a third refusal, a five day suspension. After her fourth refusal on August 9, 1982, the CBA discharged her.

Section 807 of the Civil Service Act[1] provides that no regular employe in the classified service shall be removed except for just cause. As our scope of review is limited,[2] the only issue before us is whether the Commission's conclusion that Petitioner was discharged for just cause is supported by substantial evidence.

The criteria for determining just cause must be based on merit, that is they must be job-related and in some rational and logical manner touch upon competency and ability. *McCain v. Commonwealth of Pennsylvania, Department of Education, East Stroudsburg State College*, 71 Pa. Commonwealth Ct. 165, 169, 454 A.2d 667, 669 (1983). Twenty-five per cent of Petitioner's work at the reception desk involved her skills as a Language Interpreter. The filing duties did not utilize these skills at all. Petitioner's refusal to work at the reception desk directly affected her ability to work as a Language Interpreter.

The Commission found that the CBA had made reasonable accommodations to Petitioner's condition by assigning her only half of the time to the reception desk. In view of the CBA's need for a Language Interpreter at the reception desk full time, we agree with the Commission that the CBA had made reason-

---

[1] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.807.

[2] Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence. *Laws v. Philadelphia County Board of Assistance, Department of Public Welfare*, 50 Pa. Commonwealth Ct. 340, 346, 412 A. 2d 1377, 1380 (1980).

able accommodations. Therefore, we hold that the Commission's conclusion that Petitioner was discharged for just cause is supported by substantial evidence.[3]

Accordingly, we affirm the order of the Commission sustaining the CBA's discharge of Petitioner from her position as Language Interpreter.

### ORDER

Now, April 17, 1984, the order of the State Civil Service Commission sustaining the removal of Antonina L. Brengle from her position as Language Interpreter, regular status, with the Lancaster County Board of Assistance is hereby affirmed.

---

[3] In a case with similar facts, this Court held that the DPW had just cause to remove an employee who refused to perform her job because of a job-related physical inability. *Laws*, 50 Pa. Commonwealth Ct. 340, 412 A.2d 1377.