611 A.2d 1368

**William D. WANAMAKER, Petitioner,**

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 29, 1991.

Decided June 19, 1992.

Paula J. McDermott, for petitioner.

Kenneth W. Makowski, Asst. Counsel, for respondent.

Before DOYLE, and SMITH, JJ., and BLATT, Senior Judge.

DOYLE, Judge.

This is an appeal from an order of the State Civil Service Commission (Commission) which, by a majority vote, one commissioner dissenting, dismissed the appeal of William D. Wanamaker from his non-selection for promotion to Liquor Store Manager 1B employment and sustained the action of the Liquor Control Board (LCB), the appointing authority. We affirm.

A detailed examination of the somewhat tangled procedural and factual history is necessary for a proper understanding of this case.

On April 20, 1989, Wanamaker filed an appeal, his first, with the Commission for his non-selection for a Liquor Store General Manager 3A position (the 3A position) alleging discrimination and illegal procedure based on non-merit factors. The record does not indicate where the position was located. The appeal form which was filed with the Commission was not signed by Wanamaker himself, but was signed by the Liquor Store Workers Union secretary in Harrisburg.

On May 16, 1989, Wanamaker filed his second appeal with the Commission, this time appealing his non-selection for a Liquor Store General Manager 1B position in Lehigh County

(the Lehigh County position).[1] This appeal also alleged discrimination and illegal procedure based on non-merit factors and likewise was not signed by Wanamaker himself.

On June 22, 1989, the Commission, sua sponte, issued an order declining Wanamaker's request for a hearing on his Lehigh County and 3A position appeals because the Commission concluded that Wanamaker had not averred sufficient facts on his appeal forms.[2] Both appeals were included under this order and were docketed at number 8428.[3] In response to this order, Wanamaker wrote a letter to the Commission on July 25, 1989 requesting reconsideration of his appeal of the Lehigh County position only. The letter alleged further facts in connection with this particular position and, although the letter was stated to be in reference to Appeal Number 8428, contained no reference to Wanamaker's non-selection for the 3A position.

While the request for reconsideration was pending, Wanamaker filed a third appeal with the Commission on August 11, 1989. This appeal was from Wanamaker's non-selection for a Liquor Store General Manager 1B position in Bucks County (the Bucks County position) and also alleged discrimination based on non-merit factors and illegal procedure by the LCB, but this time the form was signed by Wanamaker himself. Attached to this appeal was a detailed summary of the factual basis of Wanamaker's claim. In addition, an "addendum" to this factual summary alleged that the facts in the appeal of the Bucks County position were "identical to those present when [Wanamaker] filed a previous appeal (No. 8428)...." Wanamaker requested that the addendum "be attached to No. 8428,

1. Although the appeal form does not specify where the position was located, we deduce from the record and the testimony at the hearings that it was located somewhere in Lehigh County.

2. An appellant alleging discrimination must include in his appeal form specific facts relating to discrimination. Otherwise, his appeal may be dismissed. See 4 Pa.Code § 105.12(c).

3. The record does not contain an order of the Commission consolidating the two appeals, but it is apparent from the procedural history of the case that this is what occurred.

... and that appeal No. 8428 be reconsidered and judged by the merit [sic] of the facts in both cases." [4]

On August 24, 1989, the Commission issued an order under docket number 8428 rescinding its earlier order of June 22, 1989 which had declined to grant Wanamaker a hearing. The purpose of the August 24th order was to allow the Commission to grant and schedule a hearing on Wanamaker's non-selection for promotion to "Liquor Store General Manager 1B [Lehigh County position] and 3A with the Pennsylvania Liquor Control Board." [5]

A hearing before the Commission was held in February 1990. Testimony was presented in regard to the Lehigh County and Bucks County appeals.[6] No evidence regarding the 3A appeal was presented. The hearing was continued until November 7, 1990 to allow the LCB to present a new witness, Raymond Calandra, an LCB supervisor for Lehigh County, relating to the Lehigh County appeal.

At the continued hearing, the LCB moved that the 3A and Lehigh County appeals be dismissed because the appeal forms had not been personally signed by Wanamaker. In opposition

4.  The record contains no order of the Commission consolidating the Bucks County appeal with Appeal Number 8428 (the Lehigh County and 3A position appeals).

5.  By this order, the Commission apparently intended to grant a hearing to Wanamaker on his Lehigh County 1B appeal and his 3A appeal. No mention is made in the order of Wanamaker's Bucks County 1B appeal.

    Furthermore, despite the fact that Wanamaker's request for reconsideration of July 25 contained no reference to the 3A position and contained no facts which would cure the defect which the Commission found in the initial appeal of the 3A position, the Commission granted a hearing in both the Lehigh County and 3A appeals. We note that neither the request for reconsideration of July 25 nor the request for reconsideration contained in the addendum of August 11 was filed within ten calendar days after the order dismissing the appeals was issued as required by 4 Pa.Code § 105.17(c). The Commission apparently chose to waive this defect and hear the appeal.

    To further complicate matters, the hearing notices issued thereafter indicated that hearings would be held in the 3A appeal and Lehigh County appeal, but did not specifically mention the Bucks County appeal. Since testimony was in fact presented on the Bucks County appeal, a hearing on it was obviously granted.

6.  *See supra* note 5.

to this motion, Wanamaker argued that the three appeals had in fact become one appeal by virtue of the "addendum" to his August 11, 1989 appeal form and by virtue of the fact that all three were apparently included under the same docket number by the Commission. Wanamaker thus argued that the signature on the Bucks County appeal form validated the other two appeals. The Commission rejected this argument and dismissed the appeals [7] received on April 20, 1989 and May 18, 1989 (the 3A and Lehigh County appeals). N.T. at 160. Inexplicably, the Commission went on to hear the testimony of Raymond Calandra despite the fact that his testimony related to one of the appeals which had just been dismissed (the Lehigh County appeal).

The Commission issued an adjudication and order on April 4, 1991 under docket number 8428. The adjudication addressed Wanamaker's appeal of his "non-selection for promotion to Liquor Store General Manager 1B employment with the Pennsylvania Liquor Control Board" and was clearly meant to address only the Bucks County appeal.[8] The Commission concluded that Wanamaker had not presented evidence establishing discrimination violative of Section 905.1 of the Civil Service Act,[9] and issued an order dismissing the Bucks County appeal.

An appeal was taken to this Court on May 3, 1991. Wanamaker argues that the Commission committed an error of law when it dismissed the 3A and Lehigh County appeals because he had not personally signed the appeal forms and that the

7. The record contains no written order dismissing these appeals.

8. While the adjudication was clearly dealing solely with the Bucks County appeal, the Commission's findings of fact did include some findings relating to the dismissed Lehigh County appeal and which were relevant only to that appeal.

9. Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. § 741.905a, added by Section 25 of the Act of August 27, 1963, P.L. 1257. This section provides that

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

Commission's findings as to the Bucks County appeal were not supported by substantial evidence.

We address the dismissal of the Lehigh County and 3A position appeals first. Wanamaker makes no argument on this count but rather concedes that the outcome of this issue is dependant upon our decision in another case, *Seddon v. Pennsylvania Liquor Control Board*, 147 Pa.Commonwealth Ct. 701, 609 A.2d 619 (Nos. 956, 957, and 958 C.D.1990, filed May 7, 1992) In *Seddon*, which was only recently filed, we held that 4 Pa.Code § 105.12 requires that an appeal request form be personally signed by the individual appealing, and that this regulation precluded signature by an agent of the appellant. Accordingly, we conclude that the Commission was correct in dismissing Wanamaker's Lehigh County and 3A position appeals.

■ We may now proceed to an examination of the merits of the Bucks County appeal. Prior to examining the merits of this appeal, however, we will take the opportunity to state the correct standard of review of a decision of the Commission. We believe that this is necessary in light of the confusion over this Court's proper standard of review exhibited by the parties to this action.

Both Wanamaker and the LCB argue that our standard of review is a determination of whether the Commission capriciously disregarded competent evidence. *Meiler v. Department of Banking*, 58 Pa.Commonwealth Ct. 346, 427 A.2d 783 (1981). Specifically, *Meiler* holds that where the party with the burden of proving discrimination has not prevailed in front of the Commission, as is the case here, the proper standard is the capricious disregard standard. *Id.*

The proper standard of review was explained by our Court in *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987) and *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). These decisions hold that the capricious disregard standard applies only where the party with the burden of

proof has not prevailed before the administrative body *and* where that party is the only party who presented evidence. Where both parties present evidence, our standard of review is limited to a determination of whether constitutional rights have been violated, errors of law have been committed, or whether the findings of the administrative body are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Kirkwood; Russell.*

We have applied this standard of review to decisions of the Unemployment Compensation Board of Review, *see Kirkwood;* the Workmen's Compensation Appeal Board, *see Russell;* the Environmental Hearing Board, *see FR & S, Inc. v. Department of Environmental Resources,* 132 Pa.Commonwealth Ct. 422, 573 A.2d 241 (1990), *petition for allowance of appeal granted,* 528 Pa. 625, 597 A.2d 1154 (1991); the Secretary of Health, *see Whitehall–Copley Ambulance and Rescue Corps v. Secretary, Department of Health,* 133 Pa.Commonwealth Ct. 473, 575 A.2d 982 (1990); the Department of Public Welfare, *see Mihok v. Department of Public Welfare,* 135 Pa.Commonwealth Ct. 265, 580 A.2d 905 (1990); the State Board of Vehicle Manufacturers, Dealers and Salespersons, *see Pritz Auto, Inc. v. State Board of Vehicle Manufacturers, Dealers and Salespersons,* 113 Pa.Commonwealth Ct. 89, 536 A.2d 485 (1988); the Public Utility Commission, *see Public Utility Commission v. Taylor,* 113 Pa.Commonwealth Ct. 42, 537 A.2d 45 (1988); and the Pennsylvania State Police, *see McFadden v. Pennsylvania State Police,* 115 Pa.Commonwealth Ct. 635, 540 A.2d 1009 (1988), *petition for allowance of appeal denied,* 522 Pa. 580, 559 A.2d 40 (1989). Today, we expressly extend this standard of review to decisions of the Civil Service Commission.

Accordingly, our standard of review in the instant case, where both Wanamaker and the LCB presented evidence, is that required under Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, and is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed and whether the Commission's findings are supported by substantial evidence.

■ Wanamaker's discrimination claim is based upon facts surrounding an eligibility list for Bucks County certified by the Commission on June 20, 1989. Wanamaker, along with four others, was at the top of the list, each eligible employee having scored a final earned rating of 105 on the Commission's promotional examination. The open positions were to be filled according to the "Rule of Three". This rule requires that an appointing authority (in this case the LCB) fill openings by making its selection from among the three highest ranked eligibles on an eligibility list. *See* 4 Pa.Code § 91.3.

One of the eligibles in this case had already been promoted to Liquor Store General Manager 1B status, and therefore was removed from consideration. Another of the eligibles had already been promoted to a different position and was, therefore, also eliminated from consideration. This left three remaining eligibles with scores of 105, Wanamaker, Ann F. Connelly, and R.L. Wise.

Wise, however, signed a form entitled "Interview Notice/Availability Survey" which the LCB interpreted as meaning that he wished to be removed from consideration for *any* position in Bucks County. This waiver reduced the number of individuals available for promotion to two. In order to make up the necessary three applicants, the LCB then brought into consideration individuals with scores of 90, the next lowest score category. There were 19 individuals with a score of 90. Thus, upon Wise's withdrawal from consideration, the pool from which the LCB could choose was increased from two to twenty-one "eligibles." The two promotions that were then made from the list went to individuals with scores of 90.

Wanamaker argues that the LCB intentionally misinterpreted the waiver form signed by Wise and that this misinterpretation constitutes error. Wanamaker also alleges that the LCB actively solicited the withdrawal of Wise for the purpose of injuring Wanamaker's prospects for promotion in violation of 4 Pa.Code § 97.15,[10] that this action constituted discrimina-

---

**10.** This is a regulation of the Commission which provides as follows:
   A person may not influence another person to withdraw from competition for a position in the classified service, nor may a waiver of

tion against Wanamaker in violation of Section 905.1 of the Civil Service Act and that the Commission's findings to the contrary are not supported by substantial evidence.

The applicable legal principles are, first, that an employee appealing from a nonpromotion may do so only on the basis of discrimination, *Taylor v. State Civil Service Commission,* 67 Pa.Commonwealth Ct. 594, 447 A.2d 1098 (1982); second, the burden of proof rests with the employee alleging discrimination, *Pannacci v. State Civil Service Commission,* 101 Pa.Commonwealth Ct. 602, 516 A.2d 1327 (1986); and third, the underlying factual basis of the claim must be enumerated specifically, *Hunter v. Jones,* 417 Pa. 372, 207 A.2d 784 (1965). Discrimination cannot be inferred; there must be affirmative factual support to sustain the allegations. *Tempero v. Department of Environmental Resources,* 44 Pa.Commonwealth Ct. 235, 403 A.2d 226 (1979).

Wanamaker contends that the LCB interpreted the Interview Notice/Availability form executed by Wise in a manner intended to discriminate against Wanamaker.

Section 1 of the form was titled "Job Information" and was apparently filled out by the LCB. This section indicated that the job title in question was Liquor Store General Manager 1B, and that the work location and county was "[a]ny store in Bucks County." Section 3 of the form was titled "Availability Survey" and was apparently filled out by Wise. Wise checked off Box E in this section which states: "I am not available for this specific job, but will consider future opportunities in this job title. Keep my name on all lists." Wise testified that when he signed this form, he believed that he was merely removing his name from consideration for the position that was open, and of which he was informed, in the Yardley, Bucks County store. The LCB, however, interpreted the language "any store in Bucks County" under the job location

another person's rights or availability be solicited for the purpose of either improving or injuring the prospects of an applicant for appointment or promotion. The Commission may take action that it deems appropriate whenever it finds that a person has violated this section.

and title section, along with Wise's choice of Box E, to mean that Wise wanted his name to be withdrawn from consideration for any position in Bucks County.

While the form might have been more definitively constructed, the LCB's interpretation cannot be termed unreasonable. In fact, the LCB's interpretation is supported by the testimony of Robert Molin, the LCB's chief of Personnel and Position Management, who stated that it is the LCB's policy not to permit candidates for promotion to reject positions on a store by store basis. Further, this witness explained that this same county-wide availability is used throughout the Commonwealth. Interpreting the language "any state store in Bucks County" to mean *any* store in Bucks County can hardly be considered unreasonable or irrational, and thus the LCB's interpretation of the form in no way indicates impermissible discrimination.

Wanamaker next argues that his testimony and the testimony of his witnesses "unequivocally indicated that the Liquor Control Board declined to promote [Wanamaker] because of his being a union officer, his being an out-of-county resident and other non-merit factors." Appellant's Reply Brief at 2. No testimony or other evidence was introduced, however, which would indicate whether the applicants who did receive the promotions were union officers or members or whether they were also out of county residents. Thus, as a matter of law, Wanamaker's evidence was not sufficient to sustain his burden. *See Keim v. Department of Health,* 117 Pa.Commonwealth Ct. 452, 543 A.2d 1261 (1988).

Wanamaker also charges that the LCB solicited a waiver of eligibility from Wise by intentionally misleading Wise as to which stores had openings. Wise testified that he waived his rights in response to being offered a promotion at the Yardley, Bucks County store, a position he was not interested in.[11] Wise further testified, however, that he was never informed

11. We deduce from this fact that the store in Bucks County with which Wanamaker was concerned was the Perkasie store. If the Yardley store were the one in contention, Wanamaker would have no cause for complaint as Wise indicated that he was not interested in a position in Yardley and was thus not coerced into waiving a position at that store.

that a position was also available at the Perkasie, Bucks County store, a position in which he was interested.

Wanamaker contends that Wise's supervisor met with Wise, intentionally omitted the information concerning the Perkasie store, and thus solicited a waiver. Our review of the record, however, reveals no testimony supporting such an allegation. Wise merely stated that his supervisor had called him, offered him the Yardley position, and that he had refused it. Wise did testify that, after his refusal, his supervisor had to "come up and get [an] availability report that said [Wise] refused the promotion." N.T. at 38. This falls far short of soliciting a waiver. Further, the LCB introduced testimony to the effect that it is normal procedure for the LCB to canvass individuals appearing on an eligibility list in order to determine who is actually available for promotion to a particular position.

Wanamaker failed to produce any evidence suggesting that the fact that the supervisor did not inform Wise of the Perkasie position was intentional or motivated by discriminatory intent. There is no reason to think that the supervisor who met with Wise knew of his interest in the Perkasie store. In fact, this supervisor was not called as a witness, and the record does not otherwise disclose his identity. It is therefore impossible for anyone to determine whether the supervisor knew of Wise's total situation.[12]

Because we conclude that the decision of the Commission dismissing Wanamaker's appeal from non-promotion is supported by substantial evidence and contains no errors of law, we will affirm.

## ORDER

NOW, June 19, 1992, the order of the State Civil Service Commission in the above-captioned matter is hereby affirmed.

---

12. Wanamaker also argues that the intentional nature of the LCB's action vis-a-vis the Bucks County position is buttressed by evidence which Wanamaker presented suggesting that waivers were solicited from candidates for promotion on a Lehigh County eligibility list. We fail to see the relevance of these events to the Bucks County situation, especially since there is nothing in the record to indicate that the same individuals were canvassing in both counties.