Commonwealth of Pennsylvania, Philadelphia County Board of Assistance, Department of Public Welfare *v.* Sandra L. Cahan, Appellant.

544

Argued January 9, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Eric B. Chaikin,* with him *Pechner, Sacks, Dorfman, Wolffe, Moss & Rounick,* for appellant.

*Cecil Maidman,* Deputy Attorney General, with him *Michael von Moschzisker,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, May 20, 1976:

Sandra L. Cahan, appellant, was employed as a Clerk Typist II with the Tioga District of the Philadelphia County Board of Assistance (Board). On September 27, 1974, she was promoted to an Income Maintenance Worker Trainee and transferred to the Board's Girard District. While still a probationary employe, she received a Performance Evaluation Report, dated February 25, 1975, from her immediate supervisor, Clara B. Brown, which rated her as "standard" in one category of the evaluation and "below standard" in six other categories and recommended either an involuntary demotion to Clerk II or a 3-month extension of Cahan's probationary

period. Pursuant then to Sections 603[1] and 706[2] of the Civil Service Act[3] (Act), she was involuntarily demoted to Clerk II effective March 14, 1975 due to her "unsatisfactory job performance." A timely appeal of the demotion was taken to the State Civil Service Commission (Commission) under Section 951(b) of the Act,[4] 71 P.S.

---

1. Section 603 of the Act of August 5, 1941, P. L. 752, as *amended*, 71 P.S. §741.603 provides, *inter alia*, as follows:

"(a) No appointment to a position in the classified service shall be deemed complete until after the expiration of a probationary period. The probationary period for each class of position shall be prescribed in the rules of the commission and shall in no case be less than six months or more than eighteen months. At such time during the probationary period, and in such manner as the director may require, the appointing authority shall report to the director his observation of the work of the employe and his judgment as to the willingness and ability of the employe to perform his duties satisfactorily and as to his dependability. *At any time during his probationary period, the appointing authority may remove an employe if in the opinion of the appointing authority the probation indicates that such employe is unable or unwilling to perform his duties satisfactorily* or that his dependability does not merit his continuance in the service." (Emphasis added.)

2. Section 706 of the Act of August 5, 1941, P. L. 752, *as amended*, 71 P. S. §741.706 provides, *inter alia*, as follows:

"An appointing authority may demote to a vacant position in a lower class any employe in the classified service who does not satisfactorily perform the duties of the position to which he was appointed or promoted and who is able to perform the duties of the lower class. In case of such demotion the employe shall have all rights of appeal as provided in this act. No employe shall be demoted because of his race, religion or political, partisan or labor union affiliation."

3. The Act of August 5, 1941, P. L. 752, *as amended*, 71 P. S. §741.1 et seq.

4. Section 951 of the Act provides as follows:

"(b) Any person who is aggrieved by an alleged violation of section 905.1 of the act may appeal in writing to the com-

§741.951, alleging a violation of Section 905.1 of the Act, 71 P.S. §741.905a, which provides as follows:

"No officer or employee of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors."

It was alleged that the demotion was the result of discrimination against the appellant because of her sex, her prior police record and the personal animosity of the district supervisor. A hearing was held on April 29, 1975 and, on July 9, 1975, the Commission issued its adjudication dismissing the appeal and sustaining the demotion after concluding "[t]hat the demotion of the appellant was for unsatisfactory work performance as provided for in Section 706 of the Civil Service Act". The appeal to this Court argues that the Commission's findings of fact are not supported by substantial evidence and are contrary, in fact, to the evidence contained in the record.

Our scope of review regarding a State Civil Service Commission adjudication is limited to a determination of whether or not the constitutional rights of the appellant have been violated, an error of law has been committed or a necessary finding of fact was unsupported by substantial evidence. *Williams v. Civil Service Commis-*

---

mission within twenty calendar days of the alleged violation. Upon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing. As soon as practicable after the conclusion of the hearing, the commission shall report its findings and conclusions to the aggrieved person and other interested parties. If such final decision is in favor of the aggrieved person, the commission shall make such order as it deems appropriate to assure the person such rights as are accorded him by this act."

*sion,* 9 Pa. Commonwealth Ct. 437, 306 A.2d 419 (1973). We must examine the record, therefore, for the purpose of determining whether or not the Commission exercised reasonable discretion in rendering its decision and we will not weigh the evidence and substitute our judgment for that of the Commission. *McClelland v. State Civil Service Commission,* 14 Pa. Commonwealth Ct. 339, 322 A.2d 133 (1974). "Substantial evidence is, of course, more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Acitelli v. Westmont Hilltop School District,* 15 Pa. Commonwealth Ct. 214, 218, 325 A.2d 490, 493 (1974).

In *Cunningham v. State Civil Service Commission,* 17 Pa. Commonwealth Ct. 375, 332 A.2d 839 (1975), we held that

"the probationary status civil service employe does not enjoy the job security afforded persons on regular status, who may be removed only for just cause. However, administrative and judicial review is available to a probationary status employe who has received notice of removal when, as here, he alleges that his removal was based upon discrimination 'because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.' Section 905.1, as amended, 71 P.S. §741.905(a) (Supp. 1974-1975). If the probationary status employe fails to sustain his charge of discrimination, his dismissal stands without consideration of the validity of the determination of unsatisfactory work performance. (Citations omitted.)

"The appellant here asserts that his removal was because of the non-merit and discriminatory factor of prejudice against him as a former drug user. The burden of proving the charge of discrimination was on the appellant." *Cunningham, supra,* 17 Pa. Com-

monwealth Ct. at 377-378, 332 A.2d at 840-841. (Citations omitted.)

It is clear, therefore, that the appellant here has the burden of proving her allegation.

The thrust of the appellant's argument is that the Girard District Supervisor, Joseph Sheldon, was prejudiced against her because of her prior criminal record, that his attitude prejudiced the entire district office and ultimately resulted in her demotion. She offered her own testimony and that of two other employes from the Girard District office, Joseph Cermanski and Veronica Bridge, and Cermanski testified that Sheldon had discussed the impending promotion and transfer of an employe with a criminal record with him and that Sheldon had made it clear that he did not wish to have this person working in the district, although Sheldon did not specifically identify this person.[5] A careful review of all of the testimony, however, clearly indicates that the appellant failed to carry her burden of proof and to establish that discrimination caused her demotion. The court notes that while it was Sheldon who allegedly was the source of this prejudice and the resultant discrimination, the appellant did not subpoena him to testify at the hearing.

The record does indicate, on the other hand, that Clara B. Brown testified as the appellant's immediate supervisor, that her evaluation report accurately represented her assessment of the appellant's job performance. A member of the Commission, Mr. McCarthy, asked Ms. Brown whether or not she: (1) had treated Cahan differently from any other Income Maintenance Worker Trainee; (2) had any prejudice against her for any reason at all; or (3) had any prejudice against her because of her race, religion, politics, racial origin or union

---

5. This testimony was objected to as hearsay, but the Commission admitted it as such "[f]or what it is worth."

affiliation. Ms. Brown answered "no" to each of these questions.

As we indicated above, the Commission receives testimony, determines credibility and weighs the evidence. The evidence in the record here clearly supports the Commission's holding that the appellant was demoted because of unsatisfactory job performance.

The appellant further argues that the Commission's refusal to admit evidence offered by her and its regulation of the proceedings prevented a full presentation of the case. After a thorough examination of the record, we find this contention likewise to be without merit.

We, therefore, issue the following

ORDER

AND NOW, this 20th day of May, 1976, the adjudication of the State Civil Service Commission, dated July 9, 1975, is affirmed and the appeal of Sandra L. Cahan is dismissed.