Mary F. McLaughlin, Petitioner v. Commonwealth of Pennsylvania, Philadelphia County Board of Assistance, Department of Public Welfare, Respondent.

Argued April 10, 1980, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Neal Goldstein, Gafni & Goldstein,* for petitioner.

*Frederic Weinstein,* with him *Joseph F. Strain* and *James S. Marshall,* Assistant Attorneys General, for respondent.

OPINION BY JUDGE MACPHAIL, May 14, 1980:

Mary F. McLaughlin (Petitioner) has appealed from the adjudication of the State Civil Service Commission (Commission), which sustained Petitioner's removal from her position as Clerk 2 with the Philadelphia County Board of Assistance, Department of Public Welfare (DPW).

Petitioner was terminated, effective June 27, 1978, for an unexcused absence on June 2, 1978. It is undisputed that Petitioner absented herself from work to attend the funeral of her brother-in-law.

The issues presented for our review are (1) whether the notice of the charges against Petitioner meets the requirements of due process and (2) whether the Commission's findings are based on substantial evidence.

Petitioner argues that the Commission admitted evidence of her employment record and past disciplinary action taken against her by DPW, that the Com-

mission based its findings, in part, upon such evidence, and that, therefore, the termination notice she had received on June 26, 1978 had not adequately advised her of the charges against her.

It is well settled that the notice required by Section 950 of the Civil Service Act[1] prior to termination of a regular status employee must give reasonable notice of the charges against such employee so that he or she will have sufficient opportunity to answer those charges. *Chavis v. Philadelphia County Board of Assistance,* 29 Pa. Commonwealth Ct. 205, 370 A.2d 445 (1977).

Here, the notice provided to Petitioner stated: "[U]nexcused absence: Being absent from work on June 2, 1978 without adequate justification" as the sole basis for her removal.

At the hearing on this matter evidence was offered by DPW of prior absences by Petitioner[2] and of prior disciplinary action against her.[3] Petitioner objected to this evidence. The Commission allowed the evidence for the sole purpose of evaluating the penalty to be imposed should the Commission conclude that the absence on June 2, 1978 was unjustified. The Commission stated on the record its clear understanding that Petitioner's employment record was not to be considered in deciding the issue of the absence on June 2, 1978. Further, there is no indication that such evidence was so considered.

---

[1] Act of August 5, 1941, P.L. 752, art. ix, 1 §950, *as amended,* added by the Act of August 27, 1963, P.L. 1257, §27, 71 P.S. §741,950.

[2] The evidence of prior absences was part of a two page summary of Petitioner's work history that was made part of the record.

[3] The evidence of prior discipline consists of the summary mentioned in n. 2 and the following testimony by Petitioner's supervisor:

Q And have you had occasion to discipline her previously?

A Yes.

Petitioner cites finding of fact 13 as proof that the Commission based its adjudication on prior conduct. That finding is as follows: "Appellant had prior warnings concerning her unauthorized absences." A reading of the Commission's complete findings and brief discussion shows, however, that finding of fact 13 establishes Petitioner's awareness of the proper procedures to request leave, an issue raised by the Petitioner in this case, and not that the Commission based its decision with respect to the Petitioner's absence on June 2, 1978 on such prior conduct.

Certainly, having once found that Petitioner's absence was unexcused, the Commission then had the right if not the duty to consider Petitioner's past similar conduct in order to determine the appropriate penalty to be imposed. It was for this reason alone that the evidence was admitted.

In summary, we find no deprivation of due process on the facts of the instant case.

Petitioner argues next that the Commission's findings are not based on substantial evidence. The gravaman of Petitioner's contention is that DPW failed to show the existence of an established procedure that Petitioner should have followed in seeking a leave of absence. The record, however, shows that Petitioner's supervisor testified clearly concerning the standard office procedure regarding such leaves. While it is true that Petitioner's testimony contradicted that of her supervisor, such matters of credibility are for the Commission to determine. The Commission chose to believe the supervisor and its choice is binding upon this Court. *Philadelphia County Board of Assistance v. Cahan,* 24 Pa. Commonwealth Ct. 543, 358 A.2d 440 (1976).

Moreover, regardless of the procedures employed to obtain leave, the undisputed fact is that although Petitioner was advised that her request for leave was

denied, she did not report for work until 2:30 o'clock p.m. on the day she was scheduled to commence work at her regular hour. This is substantial evidence to warrant the Commission's conclusion that the charge brought by the DPW had been sustained.

Accordingly, the order will be affirmed.

## ORDER

AND Now, this 14th day of May, 1980, the order of the State Civil Service Commission, dated May 22, 1979, dismissing the appeal of Mary F. McLaughlin from her removal as Clerk 2, regular status, by the Philadelphia County Board of Assistance, Department of Public Welfare, is hereby affirmed.

