Patrick P. Laurito, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Richard D. Slavik, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Submitted on briefs, September 18, 1981, to Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Blair V. Pawlowski, Pawlowski and Tulowitzki,* for petitioners.

*Louis G. Cocheres,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, November 16, 1981:

Patrick P. Laudito and Richard D. Slavik (Petitioners) consolidated their appeals and seek to review two orders of the State Civil Service Commission (Commission) which dismissed their appeals from a 10 day and 5 day suspension respectively from their employment.

The Petitioners are both employed by the Pennsylvania Department of Transportation (PennDOT). Mr. Laurito is a Right-of-Way Administrator II and Mr. Slavik is a Real Estate Appraiser. Both are regular status employees. On the basis of complaints received by PennDOT, the Secretary of Transportation requested an investigation into the Petitioners' adherence or non-adherence to the required work hours. Joseph L. Moran was the special investigator assigned to the case.

From March 26, 1979 to April 13, 1979, and from May 30, 1979 to June 1, 1979, the activities and work habits of the Petitioners were under surveillance. Based on Mr. Moran's findings the Petitioners were

suspended on the charge of taking extended lunch and/or break periods.[1] Mr. Laurito was additionally charged with condoning the same behavior on the part of a subordinate (Mr. Slavik), and submitting incorrect information on an expense voucher.[2]

After a hearing, the Commission found that the Petitioners, on at least five occasions, took extended lunch or break periods at Clark Powell's Restaurant and Tavern[3] in Ebensburg, and that such conduct constituted the good cause necessary for their suspensions under Section 803 of the Civil Service Act (Act). Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.803.

While the Petitioners disputed some of the times and dates of the alleged infractions, they admitted that there had been occasions when they had stayed beyond the time allotted for lunch or ''break'' but insisted that these were ''working lunches'' where they were discussing appraisals and other matters pertinent to their jobs. The Commission did not accept that defense because they found no objective evidence to support it, and also found Petitioners' testimony lacking in credibility.

The second defense submitted by the Petitioners contended that no departmental regulations pro-

---

[1] PennDOT employees receive one hour each day for lunch. Fifteen minute breaks are also granted each morning and afternoon. Their working hours are from 8:00 a.m. to 4:30 p.m.

[2] PennDOT has a rule requiring an employee to fill out separate vouchers if different vehicles are used for business purposes. Mr. Laurito charged mileage expenses to his Chrysler automobile on March 30, 1979 and April 12, 1979, when, in fact, he utilized a Jeep truck. In effect, he combined, as one, mileage compiled on two vehicles.

[3] The Commission in its findings also noted that Powell's is located in Ebensburg, Pennsylvania, approximately twenty miles from PennDOT's District 9-0 offices in Holidaysburg, Pennsylvania, where the Petitioners are employed.

hibited conducting PennDOT business at locations such as Powell's. The Commission held that this assertion was irrelevant since they had already found the Petitioners' first defense lacked credibility. Since the Commission did not believe any business was being conducted at these extended lunch and/or break periods it was irrelevant whether PennDOT allows such action or not.

With regard to the additional charges against Mr. Laurito the Commission found:

> The allegation that appellant condoned the extended lunch and/or break periods of a subordinate employe is essentially undisputed as the presence of that employe with appellant has been established.

> The further allegation, regarding the improper completion of travel vouchers, has been admitted by appellant but defended on the assertions that the procedure was unnecessarily cumbersome and that his actions did not, in any way, injure the Commonwealth. This Commission finds neither allegation valid basis for dismissal of the noted charge, as the procedure was a reasonable rule established by the appointing authority. Appellant cannot unilaterally alter such rules for his own convenience.

Based upon those findings,[4] the Commission found good cause[5] existed to support the suspension of both Petitioners under the provisions of the Act.

---

[4] The Commission noted also that since both Petitioners were supervisors, they could be held to a higher standard of conduct than other employees, and they should have realized that published regulations are not the full extent of limitations upon their conduct.

[5] Sections 101.21(a) of the Civil Service Regulations, 4 Pa. Code §21(a), provides:

> "(a) Good cause for supervisors shall be a just cause, such as:

Because of our narrow scope of review in such cases, we must affirm the Commission's findings. It is well established that this Court will not substitute its judgment for that of the State Civil Service Commission unless the adjudication was not in accordance with the law, a necessary finding of fact was unsupported by evidence, or constitutional rights were violated. *Kaplan v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 29, 317 A.2d 683 (1974). Our duty is to examine the record for the purpose of determining whether or not the Commission exercised reasonable discretion and to determine whether or not the Commission's findings were based on substantial evidence. *Philadelphia County Board of Assistance v. Cahan,* 24 Pa. Commonwealth Ct. 543, 358 A.2d 440 (1976). It is the Civil Service Commission's duty to resolve questions of credibility and to weigh the evidence. *McLaughlin v. Philadelphia County Board of Assistance,* 51 Pa. Commonwealth Ct. 364, 414 A.2d 441 (1980).

After a careful review of the record, we find that there is substantial evidence to support the Commission's finding that both Petitioners took extended lunch and ''break'' time on at least five occasions. We hold that the Commission acted within its province as fact-finder when it determined the Petitioners' testimony regarding their ''working lunches'' lacked credibility. We will not disturb that finding. The Commission's conclusion that such misconduct

(1) insubordination;

(2) habitual lateness in reporting for work;

(3) misconduct amounting to violations of law, rules or lawful and reasonable department orders;

(4) intoxication while on duty;

(5) scandalous or disgraceful conduct while on or off duty which may bring the service of the Commonwealth into disrepute;

(6) similar substantial reasons.''

warranted the suspensions imposed by PennDOT was in accord with the law and does not constitute an abuse of the Commission's discretion. No constitutional issues have been raised in this case. Consequently, the order of the Commission must be affirmed.

ORDER

AND Now, this 16th day of November, 1981, the adjudications of the State Civil Service Commission, dated September 29, 1980, are affirmed and the appeal of Patrick P. Laurito and Richard D. Slavik are dismissed.