Leo Sebastiani, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued May 12, 1983, before Judges BLATT, MAC-PHAIL and BARBIERI, sitting as a panel of three.

*Joseph J. Dixon,* for petitioner.

*Michael J. McCaney, Jr.,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, July 21, 1983:

Leo Sebastiani (Petitioner) appeals here from an order of the State Civil Service Commission (Commission) which upheld[1] his furlough from his position in District 4-0 as Transportation Construction Manager I (TCM I), regular status, effective at the close of business November 6, 1978.

Due to a large reduction in personnel the Department of Transportation (Department) identified Petitioner to be furloughed from his position. The Appointing Authority presented only one witness, Wayne Marquart, a Personnel Analyst and custodian for the 1978 furlough records. His testimony explained the procedure by which the November 1978 furlough list was compiled. He stated that the Appointing Authority furloughed by classification, after it first determined that there were no emergency, provisional or probationary Civil Service employees in that class. The next step was then to derive an arithmetical score based on the employee's most recent annual performance rating in the TCM I classification. Based on these scores, the employees were ranked from top to bottom with the highest score at the top and the lowest score at the bottom. These scores were divided into quarters. If there were more people to be furloughed than there were in the fourth quarter, the remaining scores would be requartered until the number of needed furloughs was met.

Petitioner was the only person in the fourth quarter, of the third quartering, in his furlough group. Since it was necessary to furlough more employees, Petitioner, based on his performance evaluation rating and as a result of this third quartering, was designated for furlough.

---

[1] The Commission's decision was a 2-1 decision, with Chairman Barnes dissenting on the basis of her finding of discrimination.

The only basis for Petitioner's challenge here is his allegation of discrimination.[2] He asserts that the Appointing Authority's ratings were artificially inflated as a result of the supervisors' desire to retain certain employees under their supervision when it became apparent that a furlough was imminent. Petitioner alleges that he did not benefit from this artificial inflation of the ratings and was therefore discriminated against, since his rating was issued prior to the rumors of the imminent furlough. Employees are evaluated the month of their anniversary date. Petitioner's anniversary date is in December and he was evaluated in December of 1977. Petitioner was not due for another regular performance rating until December of 1978. The Appointing Authority, however, set October 10, 1978, as the date for the final receipt of performance evaluation ratings to be used in furlough computations. Any performance rating submitted by October 10, 1978, even if for employees with November anniversary dates, was accepted. Since Petitioner's anniversary date was in December, he did not make the cut off and his December 1977 evaluation rating was used.

A civil service employee claiming discrimination in a personnel action has the burden of going forward with evidence to support such charges. *Tempero v. Department of Environmental Resources*, 44 Pa. Commonwealth Ct. 235, 237, 403 A.2d 226, 228 (1979). Where, as here, the civil service employee has not prevailed below on his discrimination charge, our scope of review is limited to a determination as to whether or not the Commission capriciously disregarded com-

---

[2] Petitioner appeals pursuant to Section 951(b) of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.951(b).

petent evidence.[3] *Meiler v. Department of Banking,* 58 Pa. Commonwealth Ct. 346, 427 A.2d 783 (1981). Questions of credibility are for the Commission to determine. *McLaughlin v. Philadelphia County Board of Assistance,* 51 Pa. Commonwealth Ct. 364, 414 A.2d 441 (1980). Furthermore, we note that discrimination by the appointing authority against the employee cannot be inferred by the Commission since there must be some affirmative support adduced to sustain the allegations of discrimination. *Delaware County Board of Assistance v. Balanow,* 63 Pa. Commonwealth Ct. 388, 437 A.2d 1312 (1981).

The Petitioner introduced two memoranda, dated August 8, 1979 and July 17, 1979, as evidence to support his allegation of discrimination. The memorandum dated July 17, 1979, was sent to the Department's District 11-0 and involved a revision of the performance rating concept, instructing supervisors to rate their employees in strict adherence to the "Performance Appraisal Handbook" since inflation factors were making performance ratings less than objective or accurate in evaluating individual employees' performances in District 11-0.

The memorandum dated August 8, 1979, was addressed to District 4-0 (Petitioner's District). This memorandum was in the form of a cover letter and was attached to a copy of the July 17, 1979 memorandum sent to District 11-0. The August 8, 1979 memorandum was addressed to the District 4-0 Engineer and it requested that he "evaluate" his District and

---

[3] Petitioner also alleges that our scope of review should include a determination as to whether the findings of the Commission are supported by substantial evidence. This is not the correct standard. *See Meiler.* Our proper scope of review is capricious disregard and that is what we have applied.

implement any necessary corrective action to help correct the greatly inflated performance ratings on a statewide basis.

The record does not contain any evidence regarding the requested evaluation of the rating system. We have no knowledge as to whether District 4-0 was actually a district with a problem of inflated performance ratings. Petitioner alleges that Mr. Marquart's testimony that the high range of scores in the 1978 furlough quartering was "unusual" supports a finding of inflated ratings. We disagree. The Commission resolved this issue in favor of the Department and we will not disturb it since there is no capricious disregard of evidence. Mr. Marquart also testified that he could not comment on the scores themselves since he had "no personal knowledge of these ratings." He acted strictly as a statistician in the quartering process. Mr. Marquart never stated that there was a flaw in the rating system itself in District 4-0.

There is no factual substantiation in the record to support Petitioner's claim of discrimination. The Commission having been unable to make a finding that the performance evaluation reports of the employees in Petitioner's furlough unit were influenced by nonmerit factors acted properly in finding that Petitioner was not discriminated against and thus was properly furloughed.[4]

Order affirmed.

ORDER

It is ordered that the order of the State Civil Service Commission dated October 28, 1981, and numbered 2824, is hereby affirmed.

---

[4] Since we have affirmed the Commission's order sustaining the furlough involved, we have no reason to address the back pay issue raised by the Department.