# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Allegheny County Department of   :
Health,   :
                  Petitioner   :
  :
      v.   : No. 252 C.D. 2023
  : Argued: October 9, 2024
Aja L. Wilkerson and State Civil   :
Service Commission,   :
           Respondents  :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE STACY WALLACE, Judge
          HONORABLE MATTHEW S. WOLF, Judge

OPINION
BY JUDGE WALLACE                  FILED: December 19, 2024

The Allegheny County (County) Department of Health (Department) petitions for review of the February 16, 2023 order of the State Civil Service Commission (Commission), which sustained the appeal of Aja L. Wilkerson (Employee), overruled the Department's action of terminating Employee from her employment, and required the Department to return Employee to her position, expunge all records of her removal, and provide Employee with back pay. The Department argues the Commission erred in concluding Employee presented evidence establishing religious discrimination and the Department failed to present evidence establishing just cause for removal. Upon review, we affirm.

## I.     Background

In 2001, the Department employed Employee as a Public Health Administrator 1.[1] Reproduced Record (R.R.) at 119. On August 30, 2021, County's Human Resources (HR) Manager, Christopher Cavendish (County HR Manager), emailed the County's employees who had not received the COVID-19 vaccine (including Employee) to inform them the County was immediately requiring its unvaccinated employees to wear face masks and receive weekly COVID-19 testing. *Id.* at 290-91. Employee responded to County HR Manager and declared she was declining the vaccine and weekly testing because of her religious beliefs. *Id.* at 291. In response, County HR Manager explained to Employee he did not believe a medical or religious exemption applied to the testing requirement, so the County would still require Employee to be tested weekly until she was fully vaccinated. *Id.* Employee reiterated she would never be fully vaccinated because of her spiritual beliefs, and she was again declining weekly testing unless she experienced symptoms or had known exposure to someone who tested positive for COVID. *Id.* at 292. County HR Manager then notified Employee that if she declined the weekly testing, she could receive disciplinary action, up to and including suspension and termination. *Id.* at 291-92. Employee again declined the testing and submitted a request for a religious exemption. *Id.* at 137, 293.

On September 9, 2021, the County's Employee Relations Coordinator, Ellen Buannic (HR Coordinator), conducted an "interactive interview" with Employee regarding her request for a religious exemption from the testing requirement. R.R.

---

[1]  While this position was designed as an outreach position "to participate in community events and collaborations," the Department's Deputy Director of Administration explained that "during COVID[,] it evolved into something else because everybody went remote during COVID, but eventually the trajectory was that it would resume its original format." R.R. at 113, 119-20.

at 293. Before the County made a decision on Employee's religious exemption request, the County sent a letter, dated September 29, 2021, to all unvaccinated employees indicating the County was changing its policy to require all Executive Branch employees to be fully vaccinated against COVID-19 by December 1, 2021 (Vaccine Mandate). *Id.* at 294. In this letter, the County stated its Vaccine Mandate was "the best way to slow the spread of COVID-19 and to prevent infection by the Delta variant." *Id.* at 294-95. The County also stated it would terminate the employment of employees who failed to provide proof of vaccination status. *Id.* at 295. Employee submitted a request for a religious exemption from the Vaccine Mandate.

On October 13, 2021, Employee participated in an "interactive interview" regarding her request for a religious exemption from the Vaccine Mandate. R.R. at 295-96. HR Generalist Robert Lee (HR Generalist) conducted this interview by phone. Following the interview, HR Generalist emailed Employee a summary of their conversation, in which he recounted that Employee stated as follows:

- I am a Public Health Administrator . . . , [and] I share an office with an officemate[. I]t is just the two of us in the office.

- I do not interact much with others, [and] a lot of our communication is virtual on [Microsoft] teams or email.

- My spiritual beliefs are centered around African spirituality[.] I have practiced this since I got out of the military[.] I'm a believer in a holistic health, centered in African spirituality.

- I believe the body can heal itself.

- I do get daily temperature checks[.] I'm not opposed to getting tested if I was in contact with someone that was exposed or if I experience symptoms myself.

3

*Id.* at 297. Employee responded to HR Generalist and clarified "I believe in the body's natural ability to heal itself through the holistic practices that are centered in African spirituality and overall wellness." *Id.* at 298. HR Generalist saved his initial summary and Employee's response for review by a member of the County's HR upper management. *Id.*

Next, the Department's Deputy Director of Administration, Kim Joyce (Deputy Director), informed the County's HR Department that Employee deals with the public as part of her job and shares an office space with another employee. R.R. at 299. The County ultimately denied Employee's request for a religious exemption, stating it "would pose an undue hardship as to Allegheny County" because "granting [the request] would impair workplace safety, impair the safety of members of the public with whom you interact, cause co-workers to perform your share of duties, infringe on other employees' job rights or benefits, and/or reduce overall workplace efficiency." *Id.* at 300.

Even though the County denied Employee's request for a religious exemption, Employee still refused to comply with the County's weekly testing program and, as a result, County gave Employee a one-day suspension. R.R. at 300. On November 23, 2021, the County notified Employee it scheduled an investigatory hearing on November 29, 2021, regarding her failure to provide proof of vaccination status. *Id.* at 301. The notice specifically informed Employee that "[i]f you are unavailable . . . you are hereby notified that you have the opportunity to submit a written response to the above-referenced disciplinary charges (including but not limited to a request for accommodation for medical and/or religious reasons you had not previously discussed with Allegheny County)." *Id.*

Employee submitted a written response indicating:

4

I would like to[,] as a formal request for accommodation[,] request to be reinstated to work.  If possible, I would like to request to have my office space moved to a room where I can work by myself or an option to telework from home until further guidance on religious accommodations is received.  My job is 100% administrative, therefore I do not interact with others face to face daily and can communicate via email or phone.

R.R. at 302.  Deputy Director received Employee's written response, but admitted she did not review it before Employee's hearing.  *Id.* at 131, 302.  Employee attended her investigatory hearing, after which the County terminated her employment for failure to show proof of vaccination status or a valid religious exemption.  *Id.* at 219.  Employee appealed.  *See id.* at 262-64.

The Commission determined the Department had failed to show just cause for terminating Employee's employment.  R.R. at 324.  In addition, the Commission determined the Department failed to demonstrate it made a good-faith effort to reasonably accommodate Employee's religious beliefs or that such an accommodation would result in an undue hardship.  *Id.* at 323-24.  As a result, the Commission sustained Employee's appeal and ordered the County to expunge Employee's removal from her records and return Employee to her employment with back pay, benefits, and emoluments from December 1, 2021.  *See id.* at 324-25.

With respect to just cause, the Commission explained that just cause must be merit related, including "whether the employee failed to properly execute his duties or has acted in such a way that hampers or frustrates the execution of his duties," which "must in a rational and logical way touch upon the employee's competency and ability."  R.R. at 313 (citing *Woods v. State Civ. Serv. Comm'n*, 912 A.2d 803 (Pa. 2006)).  The Commission found no controlling legal authority addressing whether Employee's vaccination status hampered or frustrated the execution of her job duties.  *Id.*  As a result, the Commission applied cases it found analogous (*County*

5

*of Butler v. Wolf*, 486 F. Supp. 3d 883 (W.D. Pa. 2020), and *Garvey v. City of New York*, 77 Misc. 3d 585 (N.Y. Sup. Ct. 2022)), and concluded Employee's vaccination status did not hamper or frustrate the execution of her job duties. *See* R.R. at 313-18.

With respect to religious discrimination, the Commission concluded Employee established a prima facie case of religious discrimination. *See id.* at 320-21. The Commission next concluded the Department did not establish it made a good-faith effort to accommodate Employee's spiritual beliefs or that such accommodations would have resulted in an undue hardship because Employee's accommodation requests would have placed little to no burden on the Department. *Id.* at 322-24.

## II. Issues

The Department raises two issues for our review: (1) whether the Commission erred in concluding Employee presented evidence establishing religious discrimination under Section 2704 of the Civil Service Reform Act[2] (Act), 71 Pa.C.S. § 2704, and (2) whether the Commission erred in concluding the Department failed to present evidence establishing just cause for removal under Section 2607 of the Act, 71 Pa.C.S. § 2607. *See* Department's Br. at 3.

Addressing religious discrimination, the Department argues the Commission erred in finding Employee established a prima facie case of discrimination because she did not establish a bona fide religious belief that conflicted with the Vaccine Mandate. *See* Department's Br. at 34-41. Even if Employee had established a prima facie case, the Department argues the Commission failed to consider whether granting her accommodations would have created an undue hardship because Employee would have posed a safety risk, the costs of weekly testing were

---

[2] 71 Pa.C.S. §§ 2101-3304.

6

prohibitive, and having her work remotely would have eliminated essential functions of her job involving community outreach. *Id.* at 41-44. Finally, the Department argues the Commission failed to evaluate whether the Department's proffered reason for terminating Employee's employment (safety of its workforce) was pretextual or a valid, merit-based explanation. *Id.* at 45-46.

Regarding just cause for removal, the Department argues the Commission essentially invalidated its COVID-19 vaccination requirement instead of evaluating it as a workplace policy under a traditional just cause analysis. *See id.* at 20-34. The Department further argues it had a policy, Wilkerson failed to comply with the policy, and she was removed based upon the safety risk to other employees and the public. *See id.* Therefore, the Department urges this Court to apply *Perry v. State Civil Service Commission*, 38 A.3d 942 (Pa. Cmwlth. 2011) (just cause shown where an employee was terminated for bringing a handgun into his office on at least one occasion in violation of the employer's policy prohibiting weapons in the workplace). *See id.*

### III. Analysis

We review the Commission's adjudications to determine whether the Commission "violated constitutional rights, committed errors of law, or made factual findings unsupported by substantial evidence." *Dep't of Corr. v. Lynn (State Civ. Serv. Comm'n)*, 306 A.3d 338, 355 (Pa. 2023) (citing *Bowman v. Dep't of Env't Res.*, 700 A.2d 427, 428 (Pa. 1997); 2 Pa.C.S. § 704). "The Commission is the sole fact finder in civil service cases and has exclusive authority to assess witness credibility and to resolve evidentiary conflicts." *Bosnjak v. State Civ. Serv. Comm'n (State Corr. Inst. at Albion, Dep't of Corr.)*, 781 A.2d 1280, 1286 (Pa. Cmwlth. 2001). In evaluating whether the Commission committed an error of law, "our standard of

7

review is *de novo* and our scope of review is plenary." *See Gorsline v. Bd. of Supervisors of Fairfield Twp.*, 186 A.3d 375, 385 (Pa. 2018). In other words, we do not defer to the Commission's conclusions of law, and we reassess the record with a fresh pair of eyes.

We begin by evaluating the Department's claim the Commission erred in concluding Employee presented evidence establishing religious discrimination under Section 2704 of the Act, 71 Pa.C.S. § 2704. The purpose of our civil service system "is to create and sustain a modern merit system of employment within the Commonwealth workforce that promotes the hiring, retention and promotion of highly qualified individuals, ensuring that government services are efficiently and effectively delivered to the public." Section 2102 of the Act, 71 Pa.C.S. § 2102. Consistent with this purpose, Section 2704 of the Act prohibits an officer or employee of the Commonwealth from discriminating "against an individual in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of race, gender, religion, disability or political, partisan or labor union affiliation or other nonmerit factors." 71 Pa.C.S. § 2704.

The Act prohibits both "technical" and "traditional" discrimination. *Moore v. State Civ. Serv. Comm'n (Dep't of Corr.)*, 922 A.2d 80, 85 (Pa. Cmwlth. 2007). Technical discrimination involves claims based on procedural violations under the Act or related regulations. *Id.* Traditional discrimination occurs when an employer discriminates against an employee based on nonmerit factors, such as those listed in Section 2704 of the Act. *Id.*

The employee bears the initial burden of establishing a prima facie case of traditional discrimination. *See Sebastiani v. Dep't of Transp.*, 462 A.2d 942 (Pa.

8

Cmwlth. 1983). Consistent with "the remedial purpose of the Act," establishing a prima facie case is "not . . . an onerous [burden]." *Allegheny Hous. Rehab. Corp. v. Pa. Hum. Rels. Comm'n*, 532 A.2d 315, 319 (Pa. 1987). "To establish a *prima facie* case of religious discrimination in a termination, the employee must show: (1) she holds a sincere religious belief that conflicts with a job requirement; (2) she informed her employer of the conflict; and (3) she was disciplined for failing to comply with the conflicting requirement." *Webb v. City of Phila.*, 562 F.3d 256, 259 (3d Cir. 2009) (citation omitted).[3] If an employee establishes this prima facie case, "the burden shifts to the employer to show either it made a good-faith effort to reasonably accommodate the religious belief, or such an accommodation would work an undue hardship upon the employer and its business." *Id.*

In its brief to this Court, the Department argues Employee failed to establish she held a sincere religious belief. *See* Department's Br. at 37-41. Nevertheless, the Department did not dispute before the Commission that Employee held a sincere religious belief. *See* R.R. at 281 (in the Department's Closing Brief to the Commission, the Department stated it "does not dispute the sincerity of [Employee's] spiritual beliefs, but argues that [Employee] failed to meet her burden of establishing an actual conflict between those beliefs and [the Vaccine Mandate]"). Based on the Department's agreement, the Commission treated the issue as uncontested. *See id.* at 320-21. Generally, this Court will only consider issues raised

---

[3] The jurisprudence regarding religious discrimination can be found in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. *See Allen v. State Civ. Serv. Comm'n*, 992 A.2d 924, 931 (Pa. Cmwlth. 2010) (relying upon jurisprudence from the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§ 951-963, to evaluate a claim of disability discrimination under the Act).

below. *See* Pa.R.A.P. 1551(a). Because the Department did not raise this issue below, it is waived.

Next, the Department argues Employee failed to establish her sincere religious beliefs conflicted with the Vaccine Mandate. *See* Department's Br. at 41. A part of Employee's sincere religious beliefs[4] included a belief the human body can heal itself. *See* R.R. at 297. Vaccines plainly conflict with this belief. Accordingly, the Department's argument fails. The Department has not otherwise challenged Employee's prima facie case. Therefore, we conclude the Commission did not commit an error of law in determining Employee established a prima facie case of religious discrimination.

After Employee established a prima facie case of religious discrimination, the burden shifted to the Department to show it either: (1) "made a good-faith effort to reasonably accommodate the religious belief," or (2) "such an accommodation would work an undue hardship upon the employer and its business." *See Webb*, 562 F.3d at 259. The Commission determined the Department did not make a good-faith effort to reasonably accommodate Employee's religious beliefs. *See* R.R. at 322. The Department has not challenged this determination on appeal. *See* Department's Br. at 41-45. Instead, the Department challenges the Commission's determination that accommodating Employee's religious beliefs would not have created an undue hardship for the Department. *See id.*

---

[4] To be clear, the Department did not dispute before the Commission whether Employee held a "sincere religious" belief. Whether an employee holds the belief "sincerely," and whether it is "religious" in nature are questions of fact for the fact finder, in this case the Commission. Our opinion and order affirming the Commission should not be read as a holding that Employee in fact held a "sincere religious belief." Rather, the Commission held the Department conceded as much. Accordingly, the inquiry was not before the Commission and is not before us today.

10

The Department contends it presented evidence of the risks posed by unvaccinated employees in the workplace. *See id.* The Department further argues these risks alone constitute an undue hardship. *See id.* at 42. This argument, however, ignores Employee's requested accommodations, which were for the County to move her to an empty office space where she would not interact with others, or to permit her to work remotely. The Department's only evidence relating specifically to Employee's requested accommodations was Deputy Director's testimony that Employee's job required in-person attendance at community events. Nevertheless, Deputy Director admitted "during COVID[,] [Employee's position] evolved into something else because everybody went remote during COVID, but eventually the trajectory was that it would resume its original format." R.R. at 113, 119-20. As a result, Employee was not required to interact with the public at the time the Department terminated her employment.

We agree with the Commission's reasoning that Employee's "request would have posed little to no burden on the [Department] because at that time [Employee's] office had open office space for her to move to, she was doing all her work virtually at the time, and all her pre-COVID public interaction duties were being done remotely." *Id.* at 323. Therefore, we conclude the Commission did not commit an error of law when it concluded the Department failed to sustain its burden of showing Employee's requested accommodations would create an undue hardship.

## IV. Conclusion

For the reasons set forth above, we conclude the Commission did not commit an error of law in concluding Employee presented a prima facie case of religious discrimination. Also, the Commission did not err when it held the Department failed to carry its burden of showing it either made a good-faith effort to reasonably

11

accommodate Employee's religious beliefs or that such an accommodation would result in an undue hardship to the Department. Consequently, Employee established the Department violated Section 2704 of the Act's prohibition on religious discrimination when it terminated her employment. Accordingly, we affirm the Commission's order sustaining Employee's appeal.[5]

_____
STACY WALLACE, Judge

---

[5] Due to our disposition on religious discrimination grounds, we need not evaluate whether the Department also lacked just cause for terminating Employee's employment under Section 2607 of the Act, 71 Pa.C.S. § 2607.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Allegheny County Department of :
Health :
                 Petitioner :
               :
       v. : No.  252 C.D. 2023
               :
Aja L. Wilkerson and State Civil :
Service Commission, :
            Respondents :

## **O R D E R**

    **AND NOW**, this 19th day of December 2024, the February 16, 2023 order of the State Civil Service Commission is hereby **AFFIRMED**.


                                   _____
                                   STACY WALLACE, Judge